IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRENDA YOSELIN ROJANO GONZALEZ,<br><br>    Petitioner,<br><br>v.<br><br>GEORGE STERLING, Field Office Director of ICE, Atlanta Field Office, TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement, KRISTI NOEM, Secretary of Homeland Security, PAMELA BONDI, U.S. Attorney General, and MARCO RUBIO, in his official capacity as U.S. Secretary of State,<br><br>    Respondents. | CIVIL ACTION FILE<br><br>NO. 1:25-CV-6080-MHC |

## ORDER

This case comes before the Court on the Verified Petition for Writ of Habeas Corpus ("Petition") [Doc. 1], and Petitioner's Motion for Temporary Restraining Order and Preliminary Injunctive Relief and Request for an Immediate Hearing ("Mot. for TRO") [Doc. 3]. Petitioner is a citizen of Mexico who alleges she was arrested by Fayette County, Georgia, police after a traffic stop on October 23,

2025, subsequently detained by U.S. Immigration and Customs Enforcement ("ICE"), and then transferred to ICE offices at 180 Ted Turner Drive SW, Atlanta, Georgia. Petition ¶ 36. Petitioner seeks a Court order that, among other things, (1) schedules a hearing as soon as possible, (2) requires Defendants to respond to Plaintiff's Motion for TRO on an expedited basis, (3) enjoins Defendants from transferring her outside of this Court's jurisdiction, (4) orders her immediate release, and (5) enjoins Defendants from re-detaining her during the pendency of these proceedings. Mot. for TRO at 9-10.[1]

After consideration of the record in this case, it is hereby **ORDERED** that Petitioner's Motion for Temporary Restraining Order and Preliminary Injunctive Relief and Request for an Immediate Hearing [Doc. 3] is **GRANTED IN PART** as follows:

---

[1] Petitioner's Motion for TRO does not specifically request relief on an ex parte basis. Petitioner has not demonstrated that circumstances are present in this case that clearly show that immediate and irreparable injury will result before Defendants can be heard in opposition. See FED. R. CIV. P. 65(b)(1)(A) (requiring that a movant seeking preliminary injunctive relief on an ex parte basis must show "specific facts" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."). Additionally, Petitioner's attorney has not certified "in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1)(B). Accordingly, to the extent Petitioner is seeking injunctive relief on an ex parte basis, her Motion is **DENIED**.

(1) Petitioner shall cause service of the Petition [Doc. 1], the Motion for TRO [Doc. 3], and this Order to be made on Defendants as soon as practicable and shall immediately file proof of such service, or waiver of service, on the case docket.

(2) Defendants shall file any briefs in response to Plaintiff's Motion for TRO [Doc. 3] no later than three (3) business days after service is perfected or waived.

(3) Petitioner shall file any reply to Defendants' response briefs no later than two (2) business day after the filing of such response brief(s).

(4) Respondents are **RESTRAINED** from removing Petitioner from the Northern District of Georgia until further order from this Court.

An evidentiary hearing, if necessary, shall thereafter be set by separate order.

Plaintiff's Motion for TRO is otherwise **DEFERRED** until further Order of the Court after the receipt of the additional briefing and any hearing on such motion.

**IT IS SO ORDERED** this 24th day of October, 2025.

_____
MARK H. COHEN
United States District Judge